Thomas M. Kerr (State Bar No. 241530)
HOLME ROBERTS & OWEN LLP
560 Mission Street, 25th Floor
San Francisco, CA  94105-2994
Telephone:     (415) 268-2000
Facsimile:      (415) 268-1999
tom.kerr@hro.com
Attorney for Plaintiffs
Email:  tom.ker@hro.com

VIRGIN RECORDS AMERICA, INC.; BMG MUSIC; and ARISTA RECORDS LLC

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| VIRGIN RECORDS AMERICA, INC., a California corporation; BMG MUSIC, a New York general partnership; and ARISTA RECORDS LLC, a Delaware limited liability company,<br><br>　　　　　　　　Plaintiffs,<br><br>　　vs.<br><br>KRISTIN DANIELS,<br><br>　　　　　　　　Defendant. | Case No.: 2:06-cv-00872-FCD-PAN<br><br>**Related Cases**:<br><br>JUDGMENT AND PERMANENT INJUNCTION BASED ON STIPULATION |

　　　The Court, having considered the Stipulation to Judgment and Permanent Injunction executed by the parties,

　　　IT IS ORDERED AND ADJUDGED THAT:

　　　1.　　Plaintiffs have alleged that Defendant distributed (including by uploading) and/or reproduced (including by downloading) via the Internet or an online media distribution system copyrighted sound recordings owned or controlled by the Plaintiffs, without Plaintiffs' authorization, in violation of 17 U.S.C. § 501.  Without admitting or denying liability, Defendant has not contested plaintiffs' allegations, and has acknowledged that such conduct is wrongful.

　　　2.　　Defendant shall pay to Plaintiffs in settlement of this action the total sum of $4080.00.

JUDGMENT AND PERMANENT INJUNCTION
CASE NO. 2:06-cv-00872-FCD-PAN

1

      3.     Defendant shall pay Plaintiffs' costs of suit (complaint filing fee and service of process fee) in the amount of $420.00.

      4.     Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in any sound recording, whether now in existence or later created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by:

      A     using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiffs' Recordings, to distribute (i.e., upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs; or

      B     causing, authorizing, permitting, or facilitating any third party to access the Internet or any online media distribution system through the use of an Internet connection and/or computer equipment owned or controlled by Defendant, to reproduce (i.e., download) any of Plaintiffs' Recordings, to distribute (i.e., upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs.

Defendant also shall destroy all copies of Plaintiffs' Recordings that Defendant and/or any third party that has used the Internet connection and/or computer equipment owned or controlled by Defendant has downloaded without Plaintiffs' authorization onto any computer hard drive or server owned or controlled by Defendant, and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control.

      5.     Defendant irrevocably and fully waives notice of entry of the Judgment and Permanent Injunction, and understands and agrees that violation of the Judgment and Permanent Injunction will expose Defendant to all penalties provided by law, including for contempt of Court.

6. Defendant irrevocably and fully waives any and all right to appeal this Judgment and Permanent Injunction, to have it vacated or set aside, to seek or obtain a new trial thereon, or otherwise to attack in any way, directly or collaterally, its validity or enforceability.

7. Nothing contained in the Judgment and Permanent Injunction shall limit the right of Plaintiffs to recover damages for any and all infringements by Defendant of any right under federal copyright law or state law occurring after the date Defendant executes the Stipulation to Judgment and Permanent Injunction.

8. Defendant shall not make any public statements that are inconsistent with any term of the Stipulation to Judgment and Permanent Injunction.

9. The Court shall maintain continuing jurisdiction over this action for the purpose of enforcing this final Judgment and Permanent Injunction.

DATED: September 29, 2006            By:/s/ Frank C. Damrell Jr.
                                     Hon. Frank C. Damrell, Jr.
                                     United States District Judge